## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| SERGIO ARCE, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| J & J ASPHALT PAVING, INC., an | ) | |
| Illinois Corporation,; CORINA | ) | JURY TRIAL DEMANDED |
| ARREGUIN; and JAVIER ARREGUIN | ) | |
| | ) | Case No. 16-cv-11332 |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, SERGIO ARCE (hereinafter, the "Plaintiff"), brings this suit, by and through his attorneys, Boris G. Samovalov and Bryant Gomez, of BRYANT GOMEZ & ASSOCIATES, LLC, complaining of the Defendants, J & J ASPHALT PAVING, INC., CORINA ARREGUIN, and JAVIER ARREGUIN (hereinafter, the "Defendants"), and states as follows:

### NATURE OF THE ACTION

1.      This action is primarily based upon Defendants' violations of Fair Labor Standards Act 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"); the Plaintiff seeks to recover damages and enforce relief pursuant thereto.

### PARTIES

2.      Plaintiff is a natural person who resides within the Northern District of Illinois and was at all relevant times an "employee," as defined by §203(e) of FLSA and §3(d) of IMWL.

3.      Defendant, J & J ASPHALT PAVING, INC., is an Illinois Corporation with offices located at 15 S. Howard Ave., Suite 17, Roselle, IL 60172 and is an "employer," as defined by §203(d) of FLSA and §3(c) of IMWL.

4.    Defendant, CORINA ARREGUIN, is an individual who, upon information and belief, resides at 8 Autumn Ln., Streamwood, Illinois 60056 and is an "employer," as defined by §203(d) of FLSA and §3(c) of IMWL.

5.    Defendant, JAVIER ARREGUIN, is an individual who, upon information and belief, resides at 8 Autumn Ln., Streamwood, Illinois 60056 and is an "employer," as defined by §203(d) of FLSA and §3(c) of IMWL.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction of this Lawsuit, pursuant to 29 U.S.C. §§206-207, 28 U.S.C §§ 1331, 1337, because the Lawsuit arises under the laws of the United States.

7.    This Court has supplemental jurisdiction over Illinois IMWL, Breach of Contract, and Unjust Enrichment claims pursuant to 28 U.S.C. §1367.

8.    Venue is proper, pursuant to 28 U.S.C. §1391 as all events or omissions giving rise to the claims occurred within the Northern District of Illinois as during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

## FACTS COMMON TO ALL COUNTS

9.    Plaintiff was employed by the Defendants, from about May 17, 2015 through, and including, about December 12, 2016, and said employment was integral to and inseparable from Defendants' business.

10.    Defendants employed Plaintiff as a general laborer and paver, who performed asphalt and construction work.

11.     The Plaintiff's job duties qualify him as an employee under the provisions of FLSA and IMWL.

12.     Defendants agreed to pay Plaintiff $20.00 for each hour that he worked, on weekly basis.

13.     At the end of each work week, Defendants required Plaintiff to submit "Laborer's Daily Time Sheets" that reflected all hours worked by the Plaintiff and the locations where work was performed at the Defendants' direction.

14.     During the period of his employment with the Defendants, Plaintiff regularly submitted his timesheets to the Defendants and the Defendants never objected to the hours reflected therein.

15.     During his employment with the Defendants, Plaintiff was required to work, on average, 25.6 hours in excess of 40 hours per work week.

16.     Generally, the Defendants issued payments compensating the Plaintiff only for 40 hours worked each week (*i.e.* $800.00), regardless of how many hours the Plaintiff actually worked.

17.     Defendants did not compensate the Plaintiff at all, at the end of several of the weekly pay periods during his employment with the Defendants.

18.     Despite multiple demands by the Plaintiff to Defendants, Defendants have failed and/or refused to compensate the Plaintiff for all regular hours that he worked and for all hours in excess of 40 hours per week at the rate of one time and a half regular pay rate of $20.00 per hour.

19.     Plaintiff is entitled to compensation for all hours that he worked for the Defendants and to one time and one-half for his regular rate of pay for all hours worked over 40 hours per work week, pursuant to requirements of the federal and state laws.

3

20.     Moreover, Plaintiff is entitled to recovery of liquidated damages, interest, and attorneys' fees and costs that were incurred and will be incurred as a result of having to file this Lawsuit.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

21.     Plaintiff restates and realleges Paragraphs 1 through 20, as and for his Paragraph 21, as if fully set forth herein.

22.     Pursuant to FLSA, 29 U.S.C. §201 *et seq*., the Plaintiff is entitled to compensation for all hours worked and compensation at a rate of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours, in any week, during the two years preceding the filing of this Lawsuit.

23.     Defendants, at all times relevant hereto, have failed and refused to pay the Plaintiff for all hours worked, including overtime hours.

24.     In denying Plaintiff compensation as required by FLSA, Defendants' actions were not based upon good faith or reasonable grounds.

25.     Accordingly, in addition to damages for all unpaid wages, the Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §216.

WHEREFORE, Plaintiff, SERGIO ARCE, respectfully requests that this Honorable Court enter a judgment in his favor and against the Defendants, J & J ASPHALT PAVING, INC., CORINA ARREGUIN, and JAVIER ARREGUIN, as follows:

a.  Declaring that the practices complained of in this Lawsuit violate the Fair Labor Standards Act;

b.  Awarding Plaintiff damages, in an amount to be determined at trial;

c.   Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216, in an amount to be determined at trial;

d.   Awarding Plaintiff attorneys' fees and costs pursuant to 29 U.S.C. §216; and

e.   Awarding any other relief as this Court deems just and proper.

## COUNT II

### SUPPLEMENTAL STATE CLAIM FOR
### VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

26.   Plaintiff restates and realleges Paragraphs 1 through 20, as and for his Paragraph 26, as if fully set forth herein.

27.   Pursuant to IMWL, 820 ILCS 105/1 *et seq*., Plaintiff is entitled to compensation for all hours worked and compensation at a rate of not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours, in any week during the two years preceding the filing of this Lawsuit.

28.   IMWL provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS 105/12(a).

29.   Defendants, at all times relevant hereto, have failed and refused to pay the Plaintiff for all hours worked, including overtime hours.

30.   In denying Plaintiff compensation as required by IMWL, Defendants' actions were not based upon good faith or reasonable grounds.

31.     Accordingly, in addition to damages for all unpaid wages, the Plaintiff is entitled to interest and attorneys' fees and costs as provided in §12(a) of IMWL.

WHEREFORE, Plaintiff, SERGIO ARCE, respectfully requests that this Honorable Court enter a judgment in his favor and against the Defendants, J & J ASPHALT PAVING, INC., CORINA ARREGUIN, and JAVIER ARREGUIN, as follows:

a.   Declaring that the practices complained of in this Lawsuit violate the Illinois Minimum Wage Law;

b.   Awarding Plaintiff damages, in an amount to be determined at trial;

c.   Awarding Plaintiff interest in an amount to be determined at trial, pursuant to 820 ILCS 105/12(a);

d.   Awarding Plaintiff attorneys fees and costs pursuant to 820 ILCS 105/12(a); and

e.   Awarding any other relief as this Court deems just and proper.

## COUNT III

## SUPPLEMENTAL STATE CLAIM FOR BREACH OF CONTRACT

32.     Plaintiff restates and realleges Paragraphs 1 through 18, as and for his Paragraph 32, as if fully set forth herein.

33.     Plaintiff's agreement to work for the Defendants was supported by consideration and constitutes a valid and binding contract (the "Contract") by and between the Plaintiff and the Defendants.

34.     The Defendants breached the Contract in failing to compensate Plaintiff for all of the hours that he worked for the Defendants.

35.     Plaintiff has fulfilled and specifically performed all of his obligations under the Contract by performing labor and work at the Direction of the Defendants.

36.     Despite demands made upon the Defendants, they have failed and/or refused to remedy their breaches of the Contract.

37.     As a result, Plaintiff has been damages in the amount of all unpaid wages, which will be determined at trial of this matter.

WHEREFORE, Plaintiff, SERGIO ARCE, respectfully requests that this Court award a judgment in his favor and against the Defendants, J & J ASPHALT PAVING, INC., CORINA ARREGUIN, and JAVIER ARREGUIN, in the amount to be determined at trial, plus court costs incurred by the Plaintiffs, and such other, further, and different relief as this Court deems just and appropriate.

## COUNT IV

### SUPPLEMENTAL STATE
### CLAIM FOR UNJUST ENRICHMENT (PLED IN THE ALTERNATIVE)

38.     Plaintiff restates and realleges Paragraphs 1 through 18, as and for its Paragraph 38, as if fully set forth herein.

39.     In the alternative, and in the event that this Honorable Court finds the Contract to be lacking, unenforceable, defective, or unlawful, in whole or in part, the Plaintiff alleges and states that Defendants' failure to pay Plaintiff for all hours worked, while he was employed by the Defendants, has resulted in Defendants' unjust enrichment.

40.     Defendants' retention of the benefit conferred upon them by Plaintiff's labor and their failure to adequately compensate the Plaintiff violates the fundamental principles of justice, equity, and good conscience.

41.     Plaintiff has made demands upon the Defendants, requesting compensation for his time and labor and the Defendants have failed and refused, and continue to fail and refuse, to pay all amounts to which he is entitled, to the detriment of the Plaintiff.

42.     Plaintiff does not have an adequate remedy at law and is seeking equitable relief from this Court for Defendants' unjust retention of the benefits conferred on them by Plaintiff's work and labor.

43.     Without such equitable relief, the Plaintiff will remain impoverished, while the Defendants will gratuitously retain the benefit of his work and labor without justly compensating the Plaintiff.

44.     Further, to the extent no other remedy may be available at law, the Plaintiff will suffer irreparable harm.

WHEREFORE, Plaintiff, SERGIO ARCE, respectfully requests that this Court enter a judgment in his favor and against the Defendants, J & J ASPHALT PAVING, INC., CORINA ARREGUIN, and JAVIER ARREGUIN, in the amount to be determined at trial, plus court costs, and for such other, further, and different relief as this Court deems just and appropriate.

Dated: December 13, 2016

Respectfully Submitted,

SERGIO ARCE, *Plaintiff*

/s/Boris G. Samovalov

/s/Bryant Gomez

Boris G. Samovalov – ARDC#6305036
Bryant Gomez – ARDC#6286260
Bryant Gomez & Associates, LLC
5105 Tollview Drive, Suite 130
Rolling Meadows, IL 60008
Phone: 847.440.3555
bgs@bgomezlaw.com
bgomez@bgomezlaw.com